## No. 5673.

### MRS. ELISE LABAUVE vs. HENRY R. SLACK, TESTAMENTARY EXECUTOR.

This court does not see how the discharge in bankruptcy of Joseph B. Woolfolk, who before going into bankruptcy had sold to Austin Woolfolk a certain piece of property mortgaged to Labauve, can free said property from the incumbrance in favor of Labauve, whose mortgage was not interfered with by the sale. The mortgage was on the property when Austin Woolfolk bought it, and it is there now.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Dewing*, J. *Barrow & Pope*, for plaintiff and appellant. *Samuel Matthews, Merrick, Race & Foster*, for defendant and appellee.

MORGAN, J. Zenon Labauve held two special mortgages upon a plantation owned by Mrs. Emily Woolfolk and Joseph B. Woolfolk. These mortgages were converted into judgments in August, 1865. The judgments were recorded on the day they were rendered. J. B. Woolfolk sold his interest in the mortgaged premises to Austin Woolfolk in September following. Labauve's mortgage was not interfered with by this sale.

In January, 1868, Labauve issued a writ of *fieri facias* on one of his judgments. Under this writ the property mortgaged was seized and advertised for sale. Before the sale J. B. Woolfolk petitioned the United States Court here to be declared a bankrupt. The sale took place notwithstanding his surrender. Labauve became the purchaser. Austin Woolfolk is dead. His succession is represented by his executor. This suit is instituted in order to make the property purchased by Austin Woolfolk from J. B. Woolfolk subject to the mortgage Labauve held against it at the time it was purchased. The defense both as to the defendant and the intervenor is that J. B. Woolfolk was declared a bankrupt and Labauve's debt was discharged.

We do not see how the discharge in bankruptcy of J. B. Woolfolk can release Austin Woolfolk's property from an incumbrance in favor of Labauve, that property never having been before the bankrupt court, and Labauve's security never having been affected thereby. The mortgage was on the property when Austin Woolfolk purchased it, and it is there now.

Judgment affirmed.

---

### ON REHEARING.

MORGAN, J. In this case the error which we granted the rehearing to correct was in the decree. We affirmed the judgment of the district court, when we intended to reverse it.

A further examination of the record satisfies us that the principles upon which the case was decided were correctly stated.

It is therefore ordered, adjudged, and decreed that our former judgment be set aside and annulled, and it is now ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the property described in plaintiff's petition be declared subject to the mortgage therein recited, and that the same be seized and sold, and the amount of the judgments as recited in the petition against Joseph B. Woolfolk be paid out of the proceeds thereof, with all the costs and costs of this suit.